WALTON et al. v. UNITED STATES.

(Circuit Court, W. D. Pennsylvania. April 17, 1894.)

No. 20.

1. INTEREST ON JUDGMENTS AGAINST UNITED STATES—ACTIONS OF TORT.
    The provision made by section 10 of the act of March 3, 1887, for interest on judgments against the United States, does not apply to an

action brought in the court of claims, under authority of a special act (Act March 2, 1889), to recover damages for injuries to a vessel by collision with a government pier; for the cause of action, being a tort, is excepted out of the general statute, and, in the absence of any provision for interest in the special act, none is allowable.

**2.** CIRCUIT COURTS — JURISDICTION — SUIT FOR INTEREST ON COURT OF CLAIMS JUDGMENT.

A circuit court has no jurisdiction to award interest on a judgment which was rendered by the court of claims without making any provision for interest, and which has been paid; for such interest is merely an incident to the judgment, and the question of its allowance was for the determination of that court.

This was a suit by Joseph Walton and Isaac N. Bunton against the United States of America to recover interest on a certain judgment rendered by the court of claims. Defendant demurred to the petition.

George A. King, for plaintiffs.
Harry Alvin Hall, for the United States.

BUFFINGTON, District Judge. On January 2, 1884, the steamer I. N. Bunton was sunk in the Ohio river by collision with the pier of the Davis Island dam, a structure erected by the United States government. By special act of congress of March 2, 1889 (25 Stat. 1334), the claim of the owners for this loss was "referred to the court of claims, to hear and determine the same to judgment with the right of appeal as in other cases." On March 16, 1889, suit was brought in said court on said claim, and on April 22, 1889, judgment rendered that the "claimants do have and recover of and from the United States the sum of thirty-one thousand six hundred and ten dollars ($31,610)." No appropriation for the payment thereof was made until September 30, 1890. Thereafter the said sum was paid. Interest is claimed from April 22, 1889, to September 30, 1890, on the judgment, and to enforce this claim, amounting to $1,840.51, the present proceeding is brought, and to it a demurrer has been filed.

The case involves two questions: First, is interest recoverable upon the judgment; and, secondly, if so, has this court jurisdiction to enforce such claim? It is well settled that interest is not allowed on claims against the government, whether they arise on contract or tort; the only exceptions being where the government stipulates to pay it, or it is given by express legislation. U. S. v. Bayard, 127 U. S. 260, 8 Sup. Ct. 1156. The petitioners claim it on this judgment by virtue of section 10 of the act of March 3, 1887, which provides: "From the date of such final judgment or decree, interest shall be computed thereon at the rate of four per centum per annum, until the time when an appropriation is made for the payment of the judgment or decree." Whether this section refers to judgments of the court of claims, or is not restricted to those of the circuit and district courts, as contended by counsel for government, we do not at present feel called on to decide, for, in our opinion, this case does not arise under that act or is it thereby affected. It will be noted the original cause of action, being a tort, was ex-

cepted from the jurisdiction of the circuit, district, and court of claims by said statute. To enable the plaintiffs to sue, the special act of March 2, 1889, was passed, which provides "the claim" shall be referred to, and the court of claims shall "hear and determine the same to judgment." This act is the warrant for that court's jurisdiction, and measures the relief to be granted. In pursuance thereto, that court has fixed the amount, but has not decreed the payment of interest thereon. There is no provision in the act allowing interest on the claim or on the judgment; nor is there any general statute allowing it which includes this special case of an excepted cause of action specially referred to this particular court. When the court had fixed the amount, the time of payment was the subject of legislative will thereafter. So far as interest was concerned, the status of the case was as though congress had originally passed a private act fixing the amount, and ordering it paid, but making no appropriation for such payment. Under such facts, it could not well be contended that interest ran until an appropriation was made. We are therefore of opinion that no interest upon the judgment is recoverable.

But conceding for the present purposes it is, the question still remains, can such right be enforced by the present proceeding? The judgment was recovered in a court of competent jurisdiction, and interest, if recoverable at all, is recoverable as an incident to that judgment. Manifestly, it is the province of that court to enter a judgment or decree which shall embrace all matters incident to the controversy before it. It will be noted we are not asked to enforce a judgment of the court of claims, for its judgment, to the extent to which it went, is now paid, but we are asked to say whether that judgment bore the incident of interest or not,—in substance, to decide what the court of claims has omitted to decide. In our opinion, the question is one incidental to the original suit, and the court of claims is the proper forum for its determination.

For the reasons set forth, the demurrer is sustained.

ACHESON, Circuit Judge, concurs.