## VANDALIA RAILROAD COMPANY *v.* PARKER.

[No. 8,947. Filed February 23, 1916.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Defective Handcar.—Assumption of Risk.—Knowledge of Defects.—Complaint.*—In an action for injuries to a railroad section hand caused by defective condition of a handcar provided by the company for the transportation of its employes, the mere showing in the complaint that plaintiff had ridden upon the car some distance immediately preceding the accident, did not render the pleading objectionable, since in view of the fact that plaintiff had the right to rely on the presumption that defendant had performed its duty to furnish a safe car for his transportation and that he was not required to make an inspection of the car before using it, the court could not

say as a matter of law that he assumed the risk, in the absence of averments showing that the defects were open and obvious, and that plaintiff had actual knowledge of the defect complained of. p. 150.

2. MASTER AND SERVANT.—*Injuries to Servant.—Defective Hand-car.—Verdict.—Evidence.*—In a railroad section hand's action for injuries from the defective condition of a handcar furnished for the transportation of employes, whereby he was thrown to the ground on the sudden stopping of the car, a verdict for plaintiff was supported by evidence showing that the defect was such as to cause the car to lurch forward only when the car was brought to a sudden stop, that the occasion of the accident was the first time during the plaintiff's employment that the car was brought to a sudden stop, that the defect was not open and obvious and had not been noticed by him before, and that the defect had been brought to the notice of the foreman by other employes who had noticed it a few days before the accident. p. 151.

3. TRIAL.—*Instructions.—Directing Verdict.*—The trial court should not give a peremptory instruction for defendant unless the evidence favorable to the plaintiff, and the reasonable inferences which the jury is permitted to draw therefrom, fail to support one or more of the essential averments of the complaint. p. 151.

4. APPEAL.—*Review.—Refusal of Instructions.*—There was no error in the refusal of instructions in the absence of evidence in the record to justify giving them, nor in the refusal of an instruction which, in so far as it was applicable, was fully covered by instructions given. p. 151.

From Owen Circuit Court; *James B. Wilson,* Judge.

Action by James Parker against the Vandalia Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Samuel O. Pickens* and *Owen Pickens,* for appellant.

*John E. Sedwick, Will H. Pigg* and *Hickman & Hickman,* for appellee.

IBACH, C. J.—This action was commenced by appellee against appellant to recover damages for personal injuries. Appellant has appealed from a judgment in appellee's favor, and assigns as errors for reversal the overruling of its demurrer to the

second amended complaint, and the overruling of its motion for a new trial.

The material averments of the amended complaint on the question of negligence are that sometime before the date on which the accident occurred, appellee was a servant in the employ of appellant as a section hand, engaged with a number of other section men in maintaining the roadbed and tracks of appellant. They were employed by and were subject to the orders of another employe, known as the section foreman. Many of the section men lived at Mooresville, Indiana, and for the purpose of transporting the laborers to and from their place of work appellant furnished said section men with a handcar, and "about twelve men so employed were compelled to ride to and from their work on one handcar furnished as aforesaid and the car was overcrowded with men and not sufficient room for all of said employes to safely ride, all of which the defendant knew and which plaintiff did not know, and that said handcar so furnished by the defendant for the use of said employes on the day of the hereinafter alleged injury was old, worn and defective and unsafe in this, to wit, the axles were badly worn and the boxing surrounding said axles of said car and all the parts of said handcar were worn loose and defective, so that when said car was being driven and brought to a sudden halt, the boxing would drop down and forward and throw the bed of the car on which the men rode forward with a lurch, all of which the defendant well knew or by the exercise of reasonable diligence and inspection might have known, and the plaintiff did not know of said defective condition of said handcar at said time or prior thereto. On the —— day of September, 1908, while he was in the employ of the defendant as aforesaid, and was being transported from the

place of his said labors on said track    *    *    *    and while he, together with about twelve other men, employes of defendant were returning home from their work    *    *    *    they were running said handcar five or six miles an hour, when they saw a locomotive and train approaching upon said track meeting them and they were required to bring said handcar to a stop to take it clear of said track to avoid collision with said locomotive and that as said car was brought to a stop, that by reason of the defective condition of said worn axles and boxings and other defects on said car as aforesaid, the truck and by reason thereof the employes riding thereon were thrown forward with said lurch, and said car being so badly crowded, men riding thereupon said car were thrown against this plaintiff who was riding on the front end of said car and pumping said car, and he was by reason of such lurch of said car and said men and himself produced as aforesaid thrown forward in front of said car and off said car, said plaintiff falling in front of said car and striking the track bed with great force and violence and said car ran upon his body on said track, crushing and maiming him," etc.    There is also the averment that his injuries were caused "wholly by the negligence of the defendant in failing to furnish a safe and good handcar and failing to inspect and keep said handcar so furnished said employes for transportation as aforesaid in a good and safe condition and furnishing said employes, including this plaintiff, a handcar for use on said day for their transportation which was defective with badly worn axles and boxings, as afore described."

While this pleading in many respects falls short of being a model, we are satisfied that the averments are sufficient to show the existence of the relation of master and servant, a duty to furnish

plaintiff with a handcar reasonably safe to transport him to and from his work, and a failure to perform such duty, and that plaintiff's injuries were the direct result of the negligence of the defendant in failing to furnish a good and safe handcar and in failing to inspect and keep the car in a safe condition.

Appellant's chief objection to the complaint is that as the averments show that appellee had ridden upon the car some distance immediately preceding the accident, that the risk and danger to him, by reason of the lurching of the car caused by the condition of its axles, etc., must have been obvious to his senses and he must, therefore, be held to have assumed the risk arising out of this condition of the car which it was alleged caused the injury. Appellee in this case had a right to rely on the presumption that appellant had performed its duty in furnishing him a safe car for his transportation to and from his work and he was not required to make an inspection of such car before using it, and it can not be said as a matter of law that, by reason of the fact alone that appellee rode on the car as averred in the complaint, he actually knew of the defect complained of unless the facts pleaded also show that they were so open and obvious that he ought to have known of them, and since such additional facts do not appear it can not be said as a matter of law that appellee assumed the risk arising out of the condition of the car. *I. F. Force Handle Co.* v. *Hisey* (1913), 52 Ind. App. 235, 96 N. E. 643; *Baltimore, etc., R. Co.* v. *Walker* (1908), 41 Ind. App. 588, 84 N. E. 730; *Salem-Bedford Stone Co.* v. *Hilt* (1901), 26 Ind. App. 543, 59 N. E. 97; *Cooper* v. *Wabash R. Co.* (1894), 11 Ind. App. 211, 38 N. E. 823.

The evidence in the case favorable to appellant shows that the car in question only lurched forward

when the car was brought to a sudden stop, and the occasion of the accident was the first time during appellee's employment that the handcar was brought to a sudden stop, and that he had never before noticed such a condition of the car. The evidence also shows that the defects enumerated were not open and obvious to. one looking at the car, the floor of the car covered the axles and the boxings were also covered. The defects were discovered by other section men, the time of discovery being fixed at two or three days, and maybe ten days, before the accident, when they were lifting the handcar off the track. The language of one witness is, "when we raised the body of the car one side of the truck came up where the boxing was worn." After this one of the men who made the discovery of the defects requested Singleton, the foreman, to furnish another car. Considering the evidence as a whole, we are required to hold there is evidence to support the verdict of the jury.

The trial court should not give a peremptory instruction unless the evidence favorable to the plaintiff and the reasonable inferences which the jury is permitted to draw therefrom fail to support one or more of the essential averments of the complaint. Since there is evidence supporting the verdict, the court did not err in refusing to direct a verdict.

There is no evidence in the record which would justify the giving of instructions Nos. 14 and 15, and they were properly refused. Instruction No. 21 requested by appellant to the effect that if the jury found that appellee was injured by reason of a negligent order given by the foreman of the section men, to put on the brake, which caused the sudden stopping of the car and the consequent injury to appellee, appellee could not recover because

the giving of such order was under the circumstances the act of a fellow servant, was so far as applicable, fully covered by instructions Nos. 12 and 13 given by the court of its own motion. It has been repeatedly held that the refusal to give an instruction is not reversible error where the subject-matter is fully covered by other instructions given. The record discloses that there was a fair trial of the case and a correct result reached. Judgment affirmed.

NOTE.—Reported in 111 N. E. 637. As to duty of master to provide safe place for servant to pass to and from work, see Ann. Cas. 1913 E 1033. As to master's liability for injury to servant by defect in handcar, see 54 L. R. A. 128, 172. As to the question of relation of the maxim of *volenti non fit injuria* as a defense unless servant's knowledge of risk is shown, see 47 L. R. A. 162. See, also, under (1) 26 Cyc 1182, 1397; (2) 26 Cyc 1196, 1447, 1454; (3) 38 Cyc 1576; (4) 38 Cyc 1617, 1711.