## STANFORD v. PENNSYLVANIA R. CO.
### No. 9681.

United States Court of Appeals
Seventh Circuit.

Dec. 11, 1948.

John J. Enright, of Chicago, Ill., and Charles F. Scanlon and Ray J. McGowan, both of Akron, Ohio, for appellant.

Theodore Schmidt, P. J. Cronin, Charles F. White, and Herbert C. De Young, all of Chicago, Ill., for appellee.

Before KERNER and SPARKS, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This was a suit in which plaintiff claimed damages under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for the death of her husband, Donald G. Stanford, while in defendant's employ. The cause was tried to a jury. The jury found against defendant and returned a verdict for plaintiff for $9,000. Defendant moved the court to set aside the verdict and enter judgment in accordance with its motion for a directed verdict in its favor. The trial judge set aside the verdict and entered judgment notwithstanding the verdict in favor of defendant.

The complaint was based upon the charge that defendant had negligently moved a locomotive at a time when plaintiff's decedent was attempting to put water into the tender of the locomotive. It appeared that a water plug had been pinned against Stanford's stomach, causing injuries from which he died. There was evidence that the fall spout of the water plug was bent and that the plug was closed by the impact, but there were no eye witnesses to show definitely the actual occurrence at and just prior to the time that Stanford was crushed.

The trial judge was of the opinion that "The only reasonable explanation of the accident is that Stanford upon giving the signal and before the engine stopped moving, stepped between the plug and the coal slope, placing himself in a position of danger and that his death was not the result of any negligence on the part of the engineer."

Plaintiff's theory is that in order to crush Stanford the train must have continued to move after the stop signal was given, because at the time the stop signal was given Stanford had not been injured, but was standing in front and to the north of the water plug or spout. On the other hand, defendant contends that there is no evidence tending to show that defendant was guilty of any negligence. Its theory is that Stanford, upon giving the signal and before the train stopped moving, stepped between the plug and the coal slope, grabbed the plug either before the train had entirely stopped or pulled it with such force that the spout hit him.

■ Thus there is presented the question of whether there was any evidence to support the jury's finding that defendant negligently moved the engine at a time when Stanford was attempting to put water into the tender. If there was any evidence which, together with all the reasonable inferences that might be drawn therefrom, supports plaintiff's case, the trial judge erred in substituting his conclusions for those of the jury, since the jury is the tribunal to decide that type of issue. Bailey v. Central Vermont Ry., 319 U.S. 350, 353, 63 S.Ct. 1062, 87 L.Ed. 1444; Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; and Myers v. Reading Co., 331 U.S. 477, 67 S.Ct. 1334, 91 L.Ed. 1615. Only a complete absence of probative facts to support the conclusions reached would justify a court to substitute its conclusions for those of the jury. Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916. This is so because the choice of conflicting versions of the way the accident happened, the decision as to which witness is telling the truth, and the inferences to be drawn from uncontroverted as well as controverted facts, are questions for the jury. Once there is a reasonable basis for concluding that there was negligence which caused the injury, it is irrelevant that fair minded men might reach a different conclusion. Otherwise it would be an invasion of the jury's function for the trial judge to draw contrary inferences or to conclude that a different conclusion would be more reasonable. Ellis

v. Union Pacific R. Co., 329 U.S. 649, 653, 67 S.Ct. 598, 91 L.Ed. 572.

■ Stanford was a locomotive fireman on board the engine of an interstate passenger train consisting of an engine, tender, and eight coaches. For the purpose of taking on water, the engine stopped at a water plug, consisting of a standpipe, an extension pipe and fall pipe, in defendant's East Conway Yards, Pennsylvania. Defendant's tracks at this point run in a general easterly and westerly direction. The water plug was located to the south of the tracks upon which this engine was being operated, headed east. Stanford got down from the engine, unlatched the plug, turned it over to the tender, and then got up on the tender. Located on the tender, immediately to the rear of the coal loft or slope, was a brakeman's cabin about 4½ feet in height. Stanford, for the purpose of putting water into the manhole located on the extreme rear end of the tender, swung the extension pipe of the plug from the south to the north, but when the pipe would not clear the cabin, he signaled the engineer, sitting sidewise on a seat on the south side of the cab of the engine with his back toward Stanford, to move the engine from 24 to 36 inches in order that the plug might be in a position to spot the plug over the manhole. From certain photographs showing the tender, the cabin and the water plug, it appears that the only way the plug could clear the cabin would be to swing the plug clear of the engine and move the engine forward.

The engineer testified that after receiving Stanford's signal he moved the engine back about two feet or perhaps a little more than that, and that when it was far enough he looked up and saw Stanford standing in front and to the north of the plug; that Stanford waved his arm to stop the engine, and hollered "That will do"; that thereupon he put on the air valve with the independent brake and stopped the engine; and that when he next looked up he saw Stanford's hands back up over the coal slope; that he did not see Stanford change his position from the time Stanford called out "That will do" and that he did not see Stanford when he was in the

act of stopping the train; that he immediately went up to see what the trouble was and found Stanford pinned between the coal slope and the plug. To this evidence must be added the presumption that Stanford was in the exercise of due care for his own safety at the time he was crushed. Tennant v. Peoria & P. U. Ry. Co., supra; and Chicago & N. W. Ry. Co. v. Grauel, 8 Cir., 160 F.2d 820, 821.

We think, after applying the principles enunciated in the cases cited above to the facts in our case, that there was evidence upon which the jury could have found negligence on the part of defendant which contributed, in whole or in part, to Stanford's death, and since there was an evidentiary basis for the jury's verdict, the jury was free to discard or disbelieve whatever facts were inconsistent with its conclusions, Lavender v. Kurn, supra, 327 U.S. 645, 653, 66 S.Ct. 740, 90 L.Ed. 916; and that the court erred in substituting its conclusions for those of the jury. Accordingly, the judgment of the District Court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.