Duane F. LEE and Margaret Lee,
Plaintiffs-Appellants,

v.

TERMINAL TRANSPORT COMPANY,
Defendant-Appellee.

Duane F. LEE and Margaret Lee,
Plaintiffs-Appellees,

v.

TERMINAL TRANSPORT COMPANY,
Defendant-Appellant.

Nos. 12431, 12432.

United States Court of Appeals
Seventh Circuit.

June 29, 1959.

Rehearing Denied July 31, 1959.

James A. Dooley, Chicago, Ill., for Duane F. and Margaret Lee.

Glenn D. Peters, G. Edward McHie, Hammond, Ind., Peters, Highland & Mc-Hie, Hammond, Ind., of counsel, for Terminal Transport Co.

Before HASTINGS, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This diversity action was instituted by Duane F. Lee and Margaret Lee, plaintiffs-appellants (hereinafter referred to as plaintiffs) against Terminal Transport Company, defendant-appellee, (referred to as defendant) for damages alleged to have been sustained as the result of negligence of the defendant in the operation of a tractor-trailer motor truck which collided with the passenger automobile in which plaintiffs were riding. The jury returned verdicts for plaintiffs. Defendant moved for judgment notwithstanding the verdict or in the alternative for a new trial. The District Court entered judgment for the defendant and overruled the motion for a new trial.

Plaintiffs in their appeal contend that the court erred in entering judgment notwithstanding the verdict. Defendant in a cross appeal contends the court erred in denying the motion for new trial which was grounded on the court's rulings (1) refusing to permit defendant to show that a deposition read into evidence by defendant was taken by plaintiffs who failed to offer same in evidence, (2) in connection with instructions given and refused, and (3) in excluding the opinion of a police officer as to the place on the highway where the impact occurred.

The collision out of which this action arose happened about one and three-quarters miles north of Carbondale, Indiana, on U. S. Highway 41, a north and south highway. Plaintiffs, husband and wife, were travelling south. They were riding as guest passengers in a car driven by the husband's father and were seated in the back seat with their infant child. In addition to the driver, Lee, Sr., the front seat was occupied by his daughter and her son. The occupants of the front seat were killed in the collision.

At the time of the accident, about 4:00 A.M., Duane Lee was asleep and Margaret Lee was only partially awake. None of the occupants of the car could describe how the collision occurred. It was a clear chilly night and the roadway was dry. The highway was surfaced with black top. It was 22½ feet wide except where it crossed a creek the roadway narrowed to 19½ feet between the bridge bannisters. The center of the highway was marked with a double yellow line. There were hills both to the north and the south of the bridge. The north hill's apex, 30 feet above the bridge level, was 1200 feet north of the bridge. The south hill's apex, 20 feet above the bridge, was 800 feet south. Both to the north and the south of the bridge there were "Slow" and "Narrow Bridge" highway signs on each side of the roadway.

Defendant's vehicle was travelling north. The trailer was from 12 to 12½ feet high, 25 feet in length and 7 feet wide. It was loaded with about 18,000 pounds on each of the two axles. The trailer body and outside dual wheels projected about one foot beyond the tractor wheels.

The vehicles collided at a point 165 feet north of the bridge. The physical damage to each vehicle was at the right front portion.

Plaintiff's appeal presents the single question of whether there was any evidence to support the jury's findings that negligence of the defendant was the proximate cause of the collision and resulting injuries and damage. Since plaintiffs were guest passengers the negligence, if any, of the driver may not,

under the law of Indiana, be imputed to them. Constantine v. Pennsylvania R. Co., 7 Cir., 114 F.2d 271. If there was any evidence which, together with all the reasonable inferences that might be drawn therefrom, supports plaintiffs' case, the trial judge erred in substituting his conclusions for those of the jury, since the jury is the proper tribunal to decide that issue. Stanford v. Pennsylvania R. Co., 7 Cir., 171 F.2d 632; Smith v. J. C. Penney Company, 7 Cir., 261 F. 2d 218; cf. Vandalia R. Co. v. Parker, 61 Ind.App. 146, 111 N.E. 637; Compton v. Benham, 44 Ind.App. 51, 85 N.E. 365. In considering a defendant's motion for judgment notwithstanding the verdict the proof must be considered in the light most favorable to plaintiff. Sivert v. Pennsylvania R. Co., 7 Cir., 197 F.2d 371; Cole v. American Bridge Co., 7 Cir., 152 F.2d 157; Mescall v. W. T. Grant Co., 7 Cir., 133 F.2d 209.

There were conflicts in the testimony in the instant case, but considering that evidence most favorable to plaintiffs' case the jury was warranted in concluding that defendant's tractor-trailer came down the hill south of the bridge at a speed of from 50 to 60 miles an hour, which was in excess of the 45 mile per hour speed limit applicable to such vehicle under Indiana law; that the vehicle was over the center line and partially in the south bound traffic lane, occupying five-eighths of the roadway. A disinterested witness, riding in a southbound car preceding the Lee vehicle so testified. He further stated that the driver of this vehicle suddenly applied the brakes and pulled over partially on the shoulder some ten feet north of the bridge and waited for defendant's truck to pass. That just before the collision he saw the lights of the Lee car swerve off toward the north bound traffic lane. Another witness riding in the preceding car testified that the Lee car travelling at about 60 miles per hour was from 50 to 100 yards behind. Defendant's exhibit 7, a photograph portraying gouge marks on the highway surface where the impact occurred also showed skid marks, admitted by defendant's driver to have been made by his tractor-trailer, which were well over the center line and into the south bound lane.

It is our opinion that this evidence and the inferences which might reasonably be drawn therefrom are sufficient to sustain the action of the jury in returning the verdict it did. It may well have concluded that defendant's tractor trailer was over in the south bound lane as it approached the Lee car at great speed and that the driver of the Lee car swerved to his left toward the north bound lane in an unsuccessful attempt to avoid a collision.

We therefore hold that there was proof which, when considered in a light most favorable to plaintiffs, sustains the jury's findings and verdict and that the trial court erred in entering judgment notwithstanding the verdict.

This conclusion requires that we consider the contentions advanced by defendant on its cross-appeal from the motion denying a new trial. On that phase of the case we hold that the trial court did not err in refusing to permit defendant to identify the deposition it read into evidence as having been taken by plaintiffs. It is our further view that the instructions given adequately covered the applicable legal principles. In any event the feature defendant complains was omitted was not covered in any instruction tendered by defendant and refused. Consequently defendant is not in a position to complain on appeal. Dallas Ry. & Terminal Co. v. Sullivan, 5 Cir., 108 F.2d 581. Nor was the exclusion of the opinion of the police officer as to the place on the highway where the impact occurred, error. Padgett v. Buxton-Smith Mercantile Co., 10 Cir., 262 F.2d 39. The denial of a new trial is affirmed.

The case is therefore reversed and remanded with directions that the District Court reinstate the verdicts of the jury.

Reversed and remanded.