Duane F. LEE and Margaret Lee,
Plaintiffs-Appellants,

v.

TERMINAL TRANSPORT CO., Inc., an
Indiana corporation, Defendant-
Appellee.

No. 12937.

United States Court of Appeals
Seventh Circuit.

Sept. 27, 1960.

James A. Dooley, Chicago, Ill., for appellants.

G. Edward McHie, Hammond, Ind. (Peters, Highland & McHie, Hammond, Ind., of counsel), for appellee.

Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Diversity actions for personal injuries sustained by Duane F. Lee and Margaret Lee, his wife, residents and citizens of Florida, against Terminal Transport Co., Inc., an Indiana corporation, were tried before the district court. On March 18, 1958, a jury returned verdicts for plaintiffs for $100,000 and $3,000 respectively, whereupon the court entered judgment for defendant notwithstanding the verdicts. Upon appeal, we reversed this judgment and remanded the case to the district court with instructions to reinstate the verdicts. Lee v. Terminal Transport Co., 7 Cir., 269 F.2d 97.

This court's mandate issued according- ly and, on September 9, 1959, the district court vacated its prior judgment and, pursuant to the verdicts, entered judg- ment that plaintiff Duane F. Lee recover of defendant the sum of $100,000 and costs, and that plaintiff Margaret Lee re- cover the sum of $3,000, and also ordered that plaintiffs recover of defendant the sum of $1,457.95 for costs expended in the prosecution of their appeal. On the same day defendant paid to the clerk of the district court $103,000 and on Sep- tember 17, 1959 it paid to the clerk costs of $1457.95.

On September 23, 1959, plaintiffs moved the district court to amend its judgment order of September 9, 1959 "by providing therein that the judgment shall bear interest at the rate of six per cent per annum from and after March 18, 1958, the date of the rendition of the verdict herein."

On October 19, 1959, this motion was withdrawn by plaintiffs without preju- dice. According to a decision memoran- dum filed by the district judge, plaintiffs' counsel stated that "since an application of Briggs v. Pennsylvania R. Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403, would preclude this court from granting the motion to amend the judgments by including interest, it was decided to with- draw the motion and thereafter institute an independent action in the state court."

On January 4, 1960, the district court, on motion of defendant, entered an order permanently enjoining plaintiffs from proceeding with a lawsuit against de- fendant herein, which they had filed in the Superior Court of Cook County, Illi- nois, and enjoining them from filing in any court other than the district court "any suit in an attempt to litigate any issues arising out of the judgments en- tered herein in favor of the plaintiffs and

against the defendant." A motion by plaintiffs to vacate this order was denied.

From the order entered January 4, 1960, plaintiffs have appealed to this court.

At all times relevant herein, an Indi- ana statute, § 19–2002 Burns Indiana Statutes, Annotated, Vol. 5, Part 2, has provided:

"* * * Interest on judgments for money, whenever rendered, shall be from the date of the return of the verdict or finding of the court, until the same is satisfied * * * at the rate of six [6] per cent per an- num."

Plaintiffs rely on this act in an attempt to require defendant to pay interest on their judgment from the date of the entry of the verdicts in the district court until September 9, 1959 when judgment thereon was entered and defendant paid to the clerk of the district court the prin- cipal amount of said judgment and said costs.

Although plaintiffs asked the district court to amend the judgment to include this interest item, they withdrew their motion and resorted to an independent action therefor in an Illinois state court.

█ In the exercise of their jurisdic- tion in diversity cases, the federal courts have ample power to pass upon all mat- ters incidental to any such case and it is neither necessary nor permissible for a litigant in such case to resort to a state court for relief as to any such matter. Plaintiffs invoked the jurisdiction of the federal courts when they sued defendant in a district court.[1] Their claim to in- terest from the date of verdicts to the date of judgment was incidental to their case in the federal courts.[2] Their vacilla- tion on whether they believed the district court had power to rule upon that claim of course could not strip the federal

1. Plaintiffs filed their suit in the United States District Court for the Southern District of Florida from which it was transferred, by order of said court, to the United States District Court for

the Northern District of Indiana, Ham- mond Division, pursuant to 28 U.S.C.A. § 1404(a).

2. Bunton v. United States, C.C., 62 F. 171, 173; 47 C.J.S. Interest § 21, p. 34.

courts of their jurisdiction over a claim for interest on a federal court judgment.

By our judgment of June 29, 1959, we reversed the district court judgment against plaintiffs, remanding the case with instructions to reinstate the verdicts, and our mandate issued September 8, 1959, in accordance with our judgment. Neither the judgment nor the mandate referred to the subject of interest. Plaintiffs admit that in our court they never claimed that they were entitled to prejudgment interest.

Confronted with the decision in Briggs v. Pennsylvania R. Co., 334 U.S. 304, 68 S.Ct. 1039, which emphasizes the importance of the mandate of a court of appeals as limiting the action of a district court upon remandment, and realizing that their right to relief in the federal courts as to the prejudgment interest was jeopardized due to failure to assert it, plaintiffs left the courts which they had chosen and went to what seemed a greener field—a state court. However, a failure to assert a right in a federal court when a case involving that right is adjudicated does not justify a litigant's assertion of that right in a state court.

The judgment entered in the district court upon remandment by this court's judgment terminated the case between plaintiffs and defendant. To protect and effectuate that judgment and our judgment ordering remandment, it was necessary that the district court grant the injunctional order appealed from. Otherwise the interest question which was incidental to the case litigated by plaintiffs in the federal courts would have been carved out of the federal court judgment by plaintiffs and submitted to the Illinois state court.

Granting of the injunction was therefore authorized by 28 U.S.C.A. § 2283, which provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

For these reasons, the order from which appeal has been taken is affirmed.

Order affirmed.