**Duane F. LEE et al., Plaintiffs-Appellants,**

v.

**TERMINAL TRANSPORT CO., Inc., a Corporation, Defendant-Appellee.**

**No. 13515.**

United States Court of Appeals Seventh Circuit.

March 21, 1962.

Rehearing Denied April 18, 1962.

James A. Dooley, Chicago, Ill., for appellants.

G. Edward McHie, Hammond, Ind., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal by plaintiffs, Duane F. Lee and Margaret Lee, from an order of the district court entered July 13, 1961 denying their petition for allowance of interest on their respective judgments of $100,000 and $3,000 at the rate of 6% per annum from March 18, 1958 and for leave to withdraw funds without prejudice.

This is the third appeal to reach this court in this litigation. The resolution of this appeal is directly related to what has heretofore transpired. For the sake of clarity, we have set out in the margin the prior history of these proceedings through the determination of the second appeal as stated in the opinion of Circuit Judge Schnackenberg in Lee v. Terminal Transport Co., 7 Cir., 282 F.2d 805 (1960), cert. denied, 365 U.S. 828, 81 S.Ct. 713, 5 L.Ed.2d 705 (1961).[1]

1. "Diversity actions for personal injuries sustained by Duane F. Lee and Margaret Lee, his wife, residents and citizens of Florida, against Terminal Transport Co., Inc., an Indiana corporation, were tried before the district court. On March 18, 1958, a jury returned verdicts for plaintiffs for $100,000 and $3,000 respectively,

In affirming the injunction issued by the district court, we held that under Briggs v. Pennsylvania R. Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948), the district court was without power to modify the mandate of this court upon remand following the first appeal. We further stated that the "judgment entered in the district court upon remandment by this court's judgment terminated the case between plaintiffs and defendant." 282 F.2d at 807.

On November 16, 1960, the mandate of this court on the second appeal was filed in the district court. In the face of this mandate and following the denial of certiorari by the Supreme Court (February 27, 1961), on June 9, 1961 plaintiffs filed their instant petition moving the district court for judgment for interest on their respective judgments.

The district court filed a short memorandum in support of its denial of inter-

est. The court relied on the holding in Briggs stating:

"The plaintiffs' petition to allow interest on the judgment must be denied since this court is without jurisdiction to allow interest. Both sides recognize that Briggs v. Pennsylvania R. Co., 334 U.S. 304 [68 S. Ct. 1039, 92 L.Ed. 1403] (1948) is the key case in deciding the present question. Petitioners contend that Briggs decided merely that a district court is without power to amend the mandate to provide for interest but that a district court is not foreclosed from providing interest on a judgment in an independent action on the judgment. However, the language of the Briggs case would indicate that the court there held that any provision for interest on a judgment cannot be made by a district court when the terms of the mandate of

---

whereupon the court entered judgment for defendant notwithstanding the verdicts. Upon appeal, we reversed this judgment and remanded the case to the district court with instructions to reinstate the verdicts. Lee v. Terminal Transport Co. [7 Cir.], 269 F.2d 97.

"This court's mandate issued accordingly and, on September 9, 1959, the district court vacated its prior judgment and, pursuant to the verdicts, entered judgment that plaintiff Duane F. Lee recover of defendant the sum of $100,000 and costs, and that plaintiff Margaret Lee recover the sum of $3,000, and also ordered that plaintiffs recover of defendant the sum of $1,457.95 for costs expended in the prosecution of their appeal. *On the same day defendant paid to the clerk of the district court $103,000 and on September 17, 1959 it paid to the clerk costs of $1457.95.*

"On September 23, 1959, plaintiffs moved the district court to amend its judgment order of September 9, 1959 'by providing therein that the judgment shall bear interest at the rate of six per cent per annum from and after March 18, 1958, the date of the rendition of the verdict herein.'

"On October 19, 1959, this motion was withdrawn by plaintiffs without prejudice. According to a decision memorandum filed by the district judge, plaintiffs' counsel stated that 'since an application of Briggs v. Pennsylvania R. Co., 334 U.S. 304 [68

S.Ct. 1039, 92 L.Ed. 1403], would preclude this court from granting the motion to amend the judgments by including interest, it was decided to withdraw the motion and thereafter institute an independent action in the state court.'

"On January 4, 1960, the district court, on motion of defendant, entered an order permanently enjoining plaintiffs from proceeding with a lawsuit against defendant herein, which they had filed in the Superior Court of Cook County, Illinois, and enjoining them from filing in any court other than the district court 'any suit in an attempt to litigate any issues arising out of the judgments entered herein in favor of the plaintiffs and against the defendant.' A motion by plaintiffs to vacate this order was denied.

"From the order entered January 4, 1960, plaintiffs have appealed to this court.

\*    \*    \*    \*    \*

"By our judgment of June 29, 1959, we reversed the district court judgment against plaintiffs, remanding the case with instructions to reinstate the verdicts, and our mandate issued September 8, 1959, in accordance with our judgment. *Neither the judgment nor the mandate referred to the subject of interest. Plaintiffs admit that in our court they never claimed that they were entitled to pre-judgment interest.*" (Emphasis added.)

the Court of Appeals did not provide for interest. That this is the proper construction to be placed on the Briggs case is confirmed by a reading of the dissenting opinion in that case. The dissenters clearly saw that the Supreme Court was deciding the question: 'whether the appellate court's mandate includes interest provided by 28 U.S.C. § 811' (the predecessor of 28 U.S.C. § 1961 which is here involved) 'although the mandate makes no explicit mention of interest.' 334 U.S. at 308 [68 S.Ct. 1039]. The majority of the Court held that it did not and this court is bound by that ruling."

■ We agree with the reasoning and holding of the district court. It was without authority to modify the mandate of this court to allow interest on the judgments in question.

In the present appeal, plaintiffs renew their reliance on the substantive law of Indiana as they did in the second appeal. They cite the Indiana interest statute, Ind.Ann.Stat. § 19–2002 (Burns' 1950). However, we took notice of that statute before and held in effect that it could not control the course of this federal litigation. 282 F.2d at 806, 807.

At the oral argument in the instant appeal, plaintiffs presented a motion asking this court to recall and amend the first mandate issued by us on September 8, 1959 following our decision in Lee v. Terminal Transport Company, 7 Cir., 269 F.2d 97 (1959). This motion to recall was filed six days before oral argument and was answered by defendant on the day of oral argument.

■ The purport of the motion to recall our mandate is that we should now amend the same "so as to provide for interest in accord with the Indiana statute." Thus, plaintiffs for the first time in the long history of this litigation now recognize that this court is the only source of authority to modify its own mandate. We think this present motion comes too late.

Plaintiffs have waited approximately 29 months from the time the mandate issued to seek this relief. The day after the mandate issued, the district court vacated its prior judgment and entered judgments for plaintiffs totaling $103,000. On the same day, defendant paid the full amount thereof to the clerk of the district court and eight days later paid to the clerk costs of $1457.95. The full amount of $103,000 has been available to plaintiffs since that time. Defendant should not now be penalized because of plaintiffs' subsequent abortive actions.

Since we have held in the instant appeal that the district court did not err in entering the order appealed from, we cannot in good conscience allow the relief requested now, for the first time, by way of recalling and amending our mandate issued September 8, 1959. Accordingly, plaintiffs' motion to recall and amend the mandate issued in Nos. 12431 and 12432, 7 Cir., 269 F.2d 97, is denied.

For the foregoing reasons, the order from which this appeal is taken is affirmed.

Affirmed.