**BANKERS LIFE AND CASUALTY COMPANY, Counter-Defendant, Appellant,**

v.

**BELLANCA CORPORATION, Counter-Claimant, Appellee.**

No. 13625.

United States Court of Appeals Seventh Circuit.

Oct. 8, 1962.

Charles F. Short, Jr., Chicago, Ill., Donald E. Casey, Chicago, Ill., for Bankers Life and Casualty Co., counter-defendant and appellant; Brundage & Short, Chicago, Ill., of counsel.

John Paul Stevens, William G. Myers, Chicago, Ill., for appellee; Rothschild, Hart, Stevens & Barry, Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

In the prior appeals in this case, Bankers Life and Casualty Company v. Bellanca Corporation, 7 Cir., 288 F.2d 784, we affirmed an August 30, 1960, judgment order of the District Court granting judgment in favor of counter-claimant, Bellanca Corporation and against counter-defendant, Bankers Life and Casualty Company, in the sum of $1,250,000.00 plus costs and interest at the rate of 5% per annum since August 8, 1956. Bankers [1] by its former appeal had sought reversal of the District Court judgment or, in any event, its modification to eliminate the pre-judgment interest awarded as part of the judgment. Bellanca by its appeal had sought an increase in the principal amount of the judgment to $4,000,-000.00. Following the affirmance Bankers unsuccessfully petitioned this Court for a rehearing and the United States Supreme Court for a writ of certiorari. The petition for certiorari was denied October 9, 1961 (368 U.S. 827, 82 S.Ct. 47, 7 L.Ed.2d 31) and on October 16, 1961, Bankers filed a motion in the District Court which, as subsequently amended, prayed that it be relieved from paying post-judgment interest on the August 30, 1960 judgment of the District Court for the period from September 28, 1960, to May 8, 1961 (amounting to $45,780.52), the period during which Bellanca's cross-appeal was pending.[2] The District Court denied Bankers' motion and by its formal order entered January 8, 1962, directed the clerk of the court to disburse the sum of $45,780.52 to Bellanca from funds theretofore deposited by Bankers [3] and upon making such payment to satisfy of record the judgment of August 30, 1960. It is from this order denying its motion and directing disbursement to Bellanca that Bankers prosecutes this present appeal. Bellanca has not cross-appealed. It filed a motion to dismiss Bankers' appeal, which motion has been taken with the case, and in its brief on the merits urges affirmance.

Our opinion in the previous appeals was filed April 6, 1961, and on that date this Court entered an order that "the judgment of the said District Court in this cause appealed from be, and the same is hereby, affirmed, with costs and interest, in accordance with the Opinion of this Court filed this day." The mandate in Bankers' appeal issued October 17, 1961, and was filed in the District Court October 18, 1961. It contained a recital of this Court's order of April 6, 1961, as above quoted.

It is clear from the face of the District Court's judgment order of August 30, 1960, and from the opinion in the previous appeals, Bankers Life and Casualty Company v. Bellanca Corporation, 7 Cir., 288 F.2d 784, 790, that the judgment order of the District Court included an award of pre-judgment interest from August 8, 1956, as a part of the judgment entered. No mention of interest in the order affirming that judgment was necessary to the retention of this pre-judgment interest allowed because of unrea-

1. In the interest of brevity and clarity the Counter-Defendant and Appellant will be referred to as Bankers, and the Counter-Claimant and Appellee will be referred to as Bellanca.

2. Bellanca did not petition for rehearing nor seek certiorari. The mandate in its appeal was filed in the District Court May 8, 1961, following denial of Bankers' petition for rehearing April 28, 1961.

3. On October 23, 1961, Bankers, pursuant to order of the District Court, had deposited $1,591,805.43 with the clerk, as the full amount of the judgment plus interest thereon to that date. The clerk had made previous disbursements of $1,-455,399.57 on October 23, 1961, and of $40,625.34 on November 8, 1961, pursuant to court orders.

sonable and vexatious delay—it was an integral part of the judgment affirmed. We find no basis for a construction that our order of affirmance "with costs and interest" referred to the pre-judgment interest which it would have been unnecessary to mention. Bankers concedes Bellanca's right to post-judgment interest except for the period Bellanca's cross appeal was pending—the interval from September 28, 1960 to May 8, 1961. And, it was a condition prerequisite to the allowance of any post-judgment interest that our order of affirmance and mandate so direct. Briggs v. Pennsylvania Railroad Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403; Lee v. Terminal Transport Co., 7 Cir., 301 F.2d 234. We construe our mandate to the District Court, incorporating as it does our order of affirmance "with costs and interest", as recognizing Bellanca's right to interest on the total amount of the judgment in its favor from the date of its entry until payment, and as expressly awarding such post-judgment interest in keeping with the rationale of Briggs.

The mandate allowed interest on the judgment without any qualification limiting it to periods exclusive of the pendency of Bellanca's cross-appeal. In the face of our mandate the District Court was without alternative but to deny Bankers' motion to be relieved from paying interest for the period during which Bellanca's cross-appeal was pending. The District Court was without power or authority to deviate from the mandate. Briggs v. Pennsylvania R. Co., supra.

Bankers took no timely action in this Court to request a recall and modification of the mandate for the purpose of obtaining the relief to which it claims it is entitled. It is now too late for it to do so. Lee v. Terminal Transport Co., supra. While the power to act on its mandate after the term expires survives to protect the integrity of the court's own processes, Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250, it has not been held to survive for the convenience of litigants. Fairmont Creamery Co. v.

Minnesota, 275 U.S. 70, 48 S.Ct. 97, 72 L.Ed. 168. We therefore do not consider the merits of Bankers' contention that Bellanca's cross-appeal precludes Bellanca's right to interest on the judgment during the period the cross-appeal was pending.

The order of the District Court is affirmed.

Affirmed.