309 F.2d 19
 Harold G. STEINER and Ollie Mae Steiner, Plaintiffs-Appellants,
v.
Emil J. NELSON, as District Director, United States Treasury Department, Internal Revenue Service for the State of Wisconsin, Defendant-Appellee.
 No. 13655.
 United States Court of Appeals Seventh Circuit.
 October 12, 1962.
 
 Robert J. Downing, Robert G. Lussier, Chicago, Ill. (Raskin & Downing, Washington, D. C., of counsel), for plaintiffs-appellants.
 Louis F. Oberdorfer, Asst. Atty. Gen., William A. Friedlander, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., Milwaukee, Wis., Meyer Rothwacks, I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C., for appellee.
 Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.
 CASTLE, Circuit Judge.
 
 
 1
 In Steiner v. Nelson, 7 Cir., 259 F.2d 853, this Court affirmed a July 10, 1957, judgment order of the District Court, Steiner v. Reisimer, 151 F.Supp. 849, entered on motion for summary judgment upon plaintiffs' complaint and the defendant's answer. The order we affirmed enjoined the making of a deficiency assessment against the plaintiffs except upon recourse to proper procedures and directed the defendant to "refund to [plaintiffs] all monies * * * collected pursuant to" certain levies theretofore made which were adjudged and declared to be null and void. The trial court retained jurisdiction for the purpose of giving full effect to its order and for making such further orders, or taking such further action, as might become necessary or appropriate to carry out and enforce its order. A summary of the order's requirements is set forth in Nelson v. Steiner, 7 Cir., 279 F.2d 944, 946, and will not be repeated here.
 
 
 2
 The plaintiffs' complaint contained no prayer for interest. Neither the judgment order of the District Court nor our order of affirmance, nor our mandate,[1] made any express award of interest. On January 27, 1959, after a contempt citation had issued, $19,271.41, representing the principal sum of the illegally made levies, was returned to the plaintiffs in open court. A question concerning interest was raised and government counsel stated that it "* * * can be handled administratively, as the case may be, up and down, as the law may require". Thereafter, the defendant declined to pay any interest on the monies returned and filed a motion to dismiss the action on the grounds that all appropriate relief had been granted and nothing further remained to be done. The plaintiffs filed an objection and a motion that the defendant be directed to pay interest computed from the dates of the illegal levies. The District Court denied the plaintiffs' motion and granted defendant's motion to dismiss. The plaintiffs appealed.
 
 
 3
 The plaintiffs contend that the District Court erred in holding that they were not entitled to the entry of an order directing payment of the interest claimed and argue that 26 U.S.C.A. §§ 6611 and 6612(a) and 28 U.S.C.A. § 2411(a) require the payment of interest on the amount refunded and that such requirement attaches to the judgment by operation of law regardless of any specific mention or award of interest in the District Court's judgment order or in our order of affirmance or mandate.
 
 
 4
 The above cited statutory provisions relied upon by the plaintiffs provide for the allowance and payment of interest on any "overpayment" of any internal revenue tax. An implicit prerequisite to their application is that a determination of the tax liability or of no tax liability shall have been made. Cf. Lewis v. Reynolds, 284 U.S. 281, 283, 52 S.Ct. 145, 76 L.Ed. 293. The word "overpayment" in its usual sense means payment in excess of that which is properly due. "Whatever the reason, the payment of more than is rightfully due is what characterizes an overpayment." Jones v. Liberty Glass Co., 332 U.S. 524, 531, 68 S.Ct. 229, 233, 92 L.Ed. 142. Plaintiffs' reliance upon cases such as Girard Trust Company v. United States, 270 U.S. 163, 46 S.Ct. 229, 70 L.Ed. 524 and LaFollette v. United States, S.D.Calif., 176 F.Supp. 192, is misplaced. In those cases there had been a determination of the tax liability or a determination that no tax liability existed. Thus there was a foundation for a finding of "overpayment". In the instant case the money was refunded not because of any determination that it exceeded the amount of taxes owed by plaintiffs or because of a determination that they owed no tax but because it had been illegally seized. Unlike LaFollette where there was a determination of no tax liability here there was no determination with respect to tax liability. As the trial judge so aptly pointed out: "[t]here was no determination and no issue as to whether plaintiffs had overpaid their taxes".
 
 
 5
 A claim for interest does not lie against the government unless it is expressly provided for by contract or statute. United States v. Goltra, 312 U. S. 203, 61 S.Ct. 487, 85 L.Ed. 776; Dresser v. United States, 10 Cir., 180 F. 2d 410. The plaintiffs can predicate no claim for interest upon the assertion of government counsel, made at the time the principal sum was paid and accepted, that the question of interest could be handled administratively "as the law may require". The law does not permit the payment of interest on the monies here returned.
 
 
 6
 The District Court did not err in its conclusion that the plaintiffs were not entitled to interest on the principal sum returned to them.
 
 
 7
 Moreover, had the statutes here relied upon permitted or required the allowance or payment of interest in the instant case, the District Court, under the circumstances here involved, was, in the face of our order of affirmance and mandate, without authority to direct payment of interest. The mandate did not provide for interest and the District Court was without authority to modify it or to deviate from its provisions. Briggs v. Pennsylvania Railroad Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403; Lee v. Terminal Transport Co., 7 Cir., 301 F.2d 234; Bankers Life and Casualty Company v. Bellanca Corporation, 7 Cir., 308 F.2d 757. Plaintiffs' argument that no deviation from the District Court judgment, the order of affirmance, or the mandate would be involved because the interest, if required by the statute, would be regarded as a part of the judgment affirmed — attaching by operation of law as a legal incident of the statute — is based on Blair v. Durham, 6 Cir., 139 F.2d 260. The argument is not without persuasion but it was impliedly rejected by the majority in Briggs where the Blair doctrine was discussed and relied upon in the dissenting opinion (334 U.S. 307-314, 68 S.Ct. 1039).
 
 
 8
 The judgment order of the District Court is affirmed.
 
 
 9
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The order of affirmance was entered October 16, 1958, and the mandate issued November 12, 1958