476 F.2d 635
 William Ernest DICKERSON, Individually, etc., et al.,
Plaintiffs-Appellants-Cross-Appellees,
v.
CONTINENTAL OIL COMPANY, Charles N. Duddleston d/b/a
Duddleston Welding Company, Defendants, and
Insurance Company of North America,
Intervenor-Appellee-Cross-Appellant.
 No. 72-2479.
 United States Court of Appeals,
Fifth Circuit.
 April 6, 1973.
 
 William B. Baggett, R. Scott McClain, Lake Charles, La., for plaintiffs-appellants.
 Thomas M. Bergstedt, Lake Charles, La., for intervenor-appellee.
 Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The narrow question is whether on remand following an earlier appeal, Dickerson v. Continental Oil Company, 5 Cir., 1971, 449 F.2d 1209, the trial court could now declare that interest should be allowed on the amounts admittedly due the Intervenor compensation carrier under the Longshoremen's Act. How this came about and how the trial court answered it is set out in Judge Hunter's opinion in the Appendix.
 
 
 2
 We get to the same result but by a different route.
 
 
 3
 It is perfectly plain that without characterizing the omission of interest from the judgment[1] as a "clerical mistake" or otherwise, the trial Judge was clearly of the view that on usual principles of subrogation, both statutory and equitable, to make it whole the carrier was entitled to interest on the sums paid out in medical and compensation benefits.
 
 
 4
 *****
 
 
 5
 * * *
 
 
 6
 ******
 
 
 7
 * * *
 
 
 8
 Although we may assume without deciding that upon the issuance of our mandate of remand (which did not affect this portion of the judgment, which was silent as to interest, note 1, supra) the trial court could not add to or modify that portion of the judgment to provide interest or even entertain a 60(b) or similar post-remand request to do so without first seeking permission from the Appellate Court, Rogers v. Consolidated Rock Products Co., 9 Cir., 1940, 114 F.2d 108; Rhodes v. Houston, D.C.Neb., 1966, 258 F.Supp. 546, cert. denied, 397 U.S. 1049, 90 S.Ct. 1382, 25 L.Ed.2d 662; Wilson Research Corp. v. Piolite Plastics Corp., D.C.Mass., 1964, 234 F.Supp. 234; Albion-Idaho Land Co. v. Adamas, D.C. Idaho, 1945, 58 F.Supp. 579, this consequence flows from our mandate, not because of any actual or supposed restrictions on F.R.Civ.P. 60(b) post-judgment relief.
 
 
 9
 Since terms, as such, no longer exist, this Court has the innate power to recall and then relax its mandate on a proper showing. Meredith v. Fair, 5 Cir., 1962, 306 F.2d 374. The more orderly way is, of course, for the party affected to formally petition this Court to relax or modify its mandate to permit the trial court to take the requested action. But in a structure of rules which at every stage envisages the attainment of substantial justice with a minimum of technicalities, there is no insurmountable need for such a formal motion. We can, and as we have before, Bros. Incorporated v. Davidson, 5 Cir., 1964, 330 F.2d 65, 67, we treat the present appeal as in effect, a post-judgment-post-mandate request.[2]
 
 
 10
 Assuming, without deciding, that the District Court's order was ineffectual, we treat the appeal as a request to relax our mandate which we grant and thereby infuse vitality in order.[3] See, Rogers v. Consolidated Rock Products, supra.
 
 
 11
 Affirmed.
 
 APPENDIX
 HUNTER, District Judge:
 
 12
 Judgments were rendered by this court on November 14, 1969. Plaintiffs timely filed a motion to amend the judgment in their favor to allow interest from date of judicial demand. Our final judgment read:
 
 
 13
 "The plaintiffs' motion to allow interest from date of judicial demand rather than date of judgment is granted, and the original judgments are modified in that particular."
 
 
 14
 Appeals were taken to the Court of Appeals for the Fifth Circuit. Judgments were affirmed on September 28, 1971. 449 F.2d 1209. Defendants have now paid off the full amount of the judgments in each case and obtained releases from all plaintiffs and from the intervening compensation insurer, INA. Pursuant to Louisiana law the plaintiffs were paid in accordance with their prayer for legal interest from date of judicial demand on the entire amount awarded in each case.
 
 
 15
 INA contends that it is entitled to that part of the judicial interest attributable to its intervention. Plaintiffs, on the other hand, have paid to intervenor the principal amount of the intervention in each case. The amount in dispute is in excess of $15,000. This money has been placed in the Registry of the Court pending judicial determination of the dispute.
 
 
 16
 Plaintiffs correctly assert that INA is now trying to amend, rewrite and revise a judgment dated March 4, 1970, affirmed September 28, 1971. It is true that intervenor made no complaint as to the non-allowance of interest by post-trial motion or by appeal, although intervenor did appeal from other aspects of the judgment adverse to it.
 
 
 17
 Plaintiffs' argument that intervenor's present endeavor fails under Rule 59(e) and Rule 60 has merit. Especially is this true in view of the Fifth Circuit's opinion in Transit Casualty Company v. Security Trust, 441 F.2d 788, to the effect that 60(b) (1) and 60(b) (6) are not pari passu and are mutually exclusive. Nevertheless this court has broad equitable power under 60(b) (6) which may be invoked to prevent extreme hardship. I have grave reservations as to whether the situation here falls within that category, but considering the action here to be an independent one seeking relief to reform a judgment (West Va. Oil v. Breece Lumber, 5 Cir., 213 F.2d 702), we will conclude as follows:
 
 
 18
 1. INA is to receive interest (5% in this case) from date of their intervention until paid on all sums paid prior to the date of their intervention.
 
 
 19
 2. INA is to receive interest (5%) on all other amounts from date of "payment", as opposed to date of judicial demand.
 
 
 20
 ******
 
 
 21
 * * *
 
 
 22
 /s/ Edwin F. Hunter, Jr.
 
 UNITED STATES DISTRICT
 JUDGE
 
 
 [1]
 AMENDED JUDGMENT
 IT IS ORDERED, ADJUDGED AND DECREED that there be judgment against Continental Oil Company, and in favor of:
 [Here is listed the amounts allowed to 12 Plaintiffs]
 together with legal interest on each of the aforesaid judgments from the date of judicial demand until paid.
 IT IS FURTHER ADJUDGED AND DECREED that the Insurance Company of North America be paid by preference and priority out of each award for any and all amounts paid out pursuant to the Longshoremen's and Harbor Workers' Compensation Act. The Insurance Company of North America is to be given credit against any future exposure under the Longshoremen's Act.
 
 
 [2]
 What we regard as the equivalent of what may have been done has in fact been done. In response to the Court's post-argument memoranda the carrier has, in effect, requested this Court to amend or clarify its prior mandate. Although here the cart came before the horse, it is inconsequential in view of our holding
 
 
 [3]
 We reject the cross appeal of the carrier as frivolous