Rita Jean ALLEN

v.

Michael JACOBSON, Sandra Lande, Stroud's Creek Land Co., Buffalo Creek Land & Cattle Co., Inc., and Zorba's Restaurant.

No. CA 3–76–1140–F.

United States District Court,
N. D. Texas,
Dallas Division.

Feb. 8, 1979.

Daniel E. McDonald, Jr., Dallas, Tex., for plaintiff.

William F. Bronson, III, Dallas, Tex., for Sandra Lande.

## MEMORANDUM OPINION

ROBERT W. PORTER, District Judge.

Defendant Sandra Lande has petitioned this Court to set aside the default judgment rendered against her in the above styled and numbered cause. She additionally moves the Court to stay any proceedings to enforce the judgment pending disposition of the motion to set aside the default judgment. For the reasons set forth below, I deny both motions.

Plaintiff's complaint was filed on August 27, 1976. On August 27, 1976, service was made on Sandra Lande through her brother, Michael Jacobson. Both Sandra and her brother resided at the address at which service was effected, 5720 Forest Lane, Dallas, Texas. Ms. Lande did not answer, and on November 3, 1976, the Court entered a judgment by default against her in the amount of $25,000.

On December 13, 1978, Ms. Lande filed the motions presently before the Court. She concedes that the relief offered by Rule 60(b) is generally restricted to one year after the offending judgment was entered, in cases in which the motion alleges mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud, misrepresentation or other misconduct of an adverse party. Nevertheless, Ms. Lande contends that the judgment rendered more than two years earlier should be set aside because she was never personally served with process in that action.

By affidavit, her brother agrees that he did not give his sister the summons, "nor did I tell her about it, nor did I have any reason to." Ms. Lande contends that only on October 13, 1978 did she become aware of the existence of the judgment, on that date, the plaintiff attempted to levy execution on the assets of the bank account of a business run by Ms. Lande and her mother.

The plaintiff subsequently obtained a writ of garnishment through which the business bank account was frozen. Thereafter, no business debts were paid from this account. Ms. Lande consequently sought a stay of the execution to enforce the judgment, alleging that enforcement would cause her irreparable injury by damaging the reputation and credit of her business.

Despite Ms. Lande's contention that her first knowledge of the judgment occurred on October 13, 1978, it is evident that an earlier event gave her notice of its existence. On March 14, 1977, the Deputy United States Marshal called on Ms. Lande personally. At that time he demanded of her the amount of the default judgment. His signed return states that Ms. Lande informed him that she had neither the money to pay the judgment nor assets upon which levy might be had.

*1. Rule 60(b)(6).*

■ Had Ms. Lande moved promptly after the March 14, 1977 writ of execution was made upon her and requested that the default judgment be set aside pursuant to Rule 60(b), she could very probably have achieved her aim. Courts are willing to recognize the justice of vacating default judgments in cases wherein the defendant was without actual knowledge of service of process against him. *Rooks v. American Brass Co.*, 263 F.2d 166 (6th Cir. 1959); *Ameday v. U. S. Trucking Co.*, 62 F.R.D. 72 (E.D.Pa.1974); *Huntington Cab Co. v. American Fidelity & Casualty Co.*, 4 F.R.D. 496 (S.D.W.Va.1945). Each of the defendants in these cases, however, came before the court promptly upon learning of the default judgments taken against them and moved that the judgment be set aside. In contrast, only after an additional year had passed did Ms. Lande file her motion under Rule 60(b), after which time the plaintiff had levied upon her business bank account. In response to the fact of the March 3, 1977 writ of execution, her attorney suggested that her failure to respond was due to her mistake in believing that the writ related to a different lawsuit between the parties. Consequently, it was not until the October 1978 levy was made did Ms. Lande admit to knowledge of the instant suit.

■ Rule 60(b)(6) permits vacation of a judgment for any reason "justifying relief" from a judgment. Ms. Lande has conceded in oral argument that her motion, coming more than two years after entry of default and more than a year after receipt of the writ of execution, may prevail only under equitable considerations. Indeed, I agree that equitable considerations should determine the application of Rule 60(b)(6). *Smith v. Jackson Tool & Die, Inc.* 426 F.2d 5, 8 (5th Cir. 1970). The equity urged is that her failure to move previously was due to her confusion regarding the existence of the suit against her, a subjective state that allegedly existed until October 8, 1978.

■ Rule 60(b)(6) is not necessarily limited to the one-year limit applicable to other Rule 60(b) bases; it must nonetheless be made within a "reasonable" time. A party is under a duty to take legal steps to protect his interests. *Ackermann v. United States*, 340 U.S. 193, 197, 71 S.Ct. 209, 95 L.Ed. 207 (1950). When Ms. Lande was given notice in March 1977, she should have acted to protect her interests. Instead she waited until over a year later. I find her explanation that she believed the notice of the writ to relate to a different suit is such as to constitute neglect. Under these circumstances, her excuse will not invoke Rule 60(b)(6).

■ Additionally, it should be noted that Rule 60(b)(6) is an extraordinary remedy that must be supported by adequate proof. I have not been convinced that extraordinary circumstances actually occurred in this case to justify Ms. Lande's inaction. *See, Ruddies v. Auburn Spark Plug Co.*, 261 F.Supp. 648 (D.C.N.Y.1966). Defendants have been permitted relief under Rule 60(b)(6) when their failure to come before the court earlier was due to extraordinary circumstances that prevented or rendered them unable to do so. *Ackermann v. United States, supra*; *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949). *Martella v. Marine Cooks & Stewards Union, et al.*, 448 F.2d 729 (9th Cir. 1971). As noted above, Ms. Lande was not prevented from coming before the court, at least after March 1977; in contrast she demonstrated neglect in failing to use due care to protect her interests at that time. "Excusable neglect" is not available under Rule 60(b)(1) because of the untimeliness of the motion under that provision.

■ I have viewed the circumstances surrounding this case in light of an additional dual consideration: any injustice of the complained of judgment must be weighed against the desirability of final judgments. A court may invoke the broad equitable power of Rule 60(b)(6) to prevent extreme hardship. *Dickerson v. Continental Oil Co.*, 476 F.2d 635 (5th Cir. 1973). In this case, Ms. Lande's business bank account has been seized and she fears irreparable harm will accrue to her by that seizure. In contrast,

finality of judgment is especially desirable where a reopening could unfairly prejudice the opposing party, *Carver v. Liberty Mutual Insurance Co.*, 277 F.2d 105 (5th Cir. 1960). Plaintiff merely states her conclusion that she will be prejudiced by reopening this action. Presumably, she refers to the costs of another trial process with the attendant effect of lapse of time and of the possibility that these bank account funds would evaporate by the time a new judgment could be gained.

■ As a general rule, the desirability of orderliness and predictability in the judicial process speaks for caution in the reopening of judgments. *Fackelman v. Bell*, 564 F.2d 734, 735 (5th Cir. 1977). This principle does not favor a recalcitrant attitude; rather it demands that the Court consider carefully the circumstances and profits offered to reach its decision. I believe I have done so to find that Ms. Lande's motion to set aside the default judgment under Rule 60(b)(6) is DENIED.

### 2. *Fraud on the Court.*

Ms. Lande argues that the judgment itself was obtained only by fraud. Rule 60(b)(3) provides for relief where the judgment was obtained by "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party) . . ." Actions under this provision, however, must be brought within one year after the judgment was taken; thus Ms. Lande may not rely on this subsection. I note that even had she moved within one year pursuant to Rule 60(b)(3), Ms. Lande's claim of fraud does not appear to be of the sort contemplated by that provision. *Cf. United States v. International Telephone & Telegraph Co.*, 349 F.Supp. 22 (D.C.Conn.1972).[1]

■ The one-year limitation of this provision is inapplicable to an "independent action . . . to set aside a judgment for fraud upon the court." Rule 60(b), F.R.

Civ.P. This phrase is not to be read as embracing any conduct of which a court may disapprove, for to do so would negate the one year limitation on motions under Rule 60(b)(3). Rather, the concept has been described as "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." 7 *Moore, Federal Practice* § 60.33 at 515, quoted with approval in *Kupferman v. Consolidated Research and Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972). I cannot accept Ms. Lande's contention that her allegedly improper joinder in this case constitutes a fraud upon this court. She has cited two cases to support her claim, and my reading of the cases utilizing the relief afforded under this provision demonstrates the frivolity of this claim. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). Accordingly, that part of her motion to set aside the default judgment as a fraud upon the court is hereby DENIED.

### 3. *Service under 28 U.S.C. § 1655.*

■ Finally, Ms. Lande has complained that the judgment is insufficient because she was not actually personally served pursuant to 28 U.S.C. § 1655. I will not deal at length with this contention, but merely note that that statute applies to actions seeking lien enforcement rather than for in personam judgments. It allows other than personal service in lien enforcement actions, while permitting a defendant who did not receive actual notice the right to enter his appearance and set aside the default. It is abundantly clear that the judgment Ms. Lande seeks to vacate is not one contemplated by this statute. *See generally*, 30 A.L.R.2d 208. Consequently, the motion to set aside the judgment for allegedly defective service under 28 U.S.C. § 1655 is hereby DENIED.

1. Denial of a motion to vacate a judgment on the ground of alleged fraud has been advocated where the moving party was not deprived of his day in court by the alleged fraud but instead was at fault in not utilizing his opportunity to defend on the merits when the judgment was obtained. *Bratnober v. Illinois Farm Supply Co.*, 169 F.Supp. 85 (D.C.Minn.1958).

Based on the motions and memoranda on file, and on oral argument by the parties, I find that the motion to set aside the default judgment rendered against Ms. Lande should be denied in all respects, and I so ORDER. Accordingly, I further ORDER that her motion to stay the execution of enforcement of the judgment is DENIED.