**NATIONAL SURETY CORPORATION,**
Plaintiff-Appellant Cross-Appellee,

v.

**CHARLES CARTER & COMPANY, INC.,**
Defendant-Third Party Plaintiff-Appellee Cross-Appellant,

v.

**MARYLAND CASUALTY CO.,** Third Party Defendant Cross-Appellee.

No. 79–1806.

United States Court of Appeals,
Fifth Circuit.

July 15, 1980.

Charles W. Franklin, Ray C. Dawson, Baton Rouge, La., for National Sur. Corp.

Walton J. Barnes, Baton Rouge, La., for Charles Carter & Co., Inc.

John S. White, Jr., Baton Rouge, La., for Maryland Cas. Co.

Before WISDOM, RONEY and HATCHETT, Circuit Judges.

PER CURIAM:

Having been awarded a money judgment in district court, plaintiff National Surety Corporation challenges on appeal only the denial of prejudgment interest on that amount from the date of its judicial demand on defendant Charles Carter & Company. We affirm because the mandate issued in an earlier appeal of this case, *National Surety Corp. v. Charles Carter & Co.*, 539 F.2d 450 (5th Cir. 1976), precluded any award of prejudgment interest on remand, and because we decline to reform that mandate.

In brief outline, this case involves a contest over contractual funds withheld by a building contractor, defendant Carter, from subcontractor Hughes-Walsh Company. Alleging that the subcontractor had sub-stantially completed its task, National Surety, as surety for Hughes-Walsh, filed a subrogation claim for the withheld funds. Carter answered claiming a partial offset for uncompleted work and damages attributable to the subcontractor's negligence. Hughes-Walsh intervened and third-partied its liability insurer, Maryland Casualty Company, seeking indemnification against negligence liability. The United States Government also intervened, asserting an entitlement to the withheld funds arising from its levy for taxes due from Hughes-Walsh.

The initial judgment of the district court authorized Carter's partial offset for uncompleted work and negligent damage, and denied any recovery to National Surety. *Fireman's Fund Insurance Co. v. Charles Carter Construction Co.*, 382 F.Supp. 332 (M.D.La.1974). The balance of the withheld funds was awarded to the United States toward fulfillment of its tax lien. Hughes-Walsh was awarded judgment against Maryland Casualty in the amount of Carter's offset attributable to negligence.

This Court vacated the judgment and remanded the case with directions substantially altering its outcome. 539 F.2d at 458. Carter's partial offset was reduced to encompass only the claim based on uncompleted work. Having already paid into the registry of the district court an amount in satisfaction of the Government's tax lien award, Carter was directed to make an additional payment of the funds withheld from Hughes-Walsh for negligence. The Court ordered Maryland Casualty to indemnify Carter, rather than Hughes-Walsh, for the damages resulting from negligence.

This Court did not decide whether National Surety or the United States Government was entitled to the fund created by Carter's separate payments into the registry of the court. The Court instead directed the district court to resolve that issue on remand, holding that "[s]ubject only to determination of priority between it and the government, National Surety is entitled to recover the unpaid contract balance of $41,-858.68." 539 F.2d at 457. Although Na-

tional Surety had requested prejudgment interest in its original complaint, it was not sought in the prior appeal. Neither this Court's opinion nor its mandate, which simply directed a remand in accordance with the opinion, made any mention of prejudgment interest. No petition for rehearing was filed addressing the prejudgment interest issue.

After remand, the Government disclaimed any interest in the registry funds. The district court entered judgment for National Surety in the amount of those funds, $41,858.68, but made no award of prejudgment interest. National Surety contends its award should have included prejudgment interest, the allowance of which in this diversity case would be governed by Louisiana law. *Degelos Bros. Grain v. Fireman's Fund Insurance Co.*, 498 F.2d 1238 (5th Cir. 1974).

■ We do not address the merits of Louisiana law, however, because the district court could not have awarded prejudgment interest on remand under the terms of this Court's mandate. The Supreme Court has "consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Pennsylvania Railroad*, 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948). Although this Court conditioned judgment for National Surety on a "determination of priority between it and the government," the amount of that potential award was clearly stated as "the unpaid contract balance of $41,858.68." The opinion's silence as to prejudgment interest, an element of recovery sought in National Surety's complaint, precludes an award of interest by the district court on remand. *See Briggs v. Pennsylvania Railroad*, 334 U.S. at 306, 68 S.Ct. at 1040, (postjudgment interest); *Lee v. Terminal Transport Co.*, 301 F.2d 234, 235–36 (7th Cir. 1962) (postjudgment interest); *but see Phillips Petroleum Co. v. Oldland*, 187 F.2d 780, 782 (10th Cir.), *cert. denied*, 342 U.S. 816, 72 S.Ct. 30, 96 L.Ed. 617 (1951) (where prejudgment interest neither claimed in original suit nor considered on first appeal, mandate did not preclude allowance of interest on remand).

■ This Court retains jurisdiction over its previous mandate in this case and is empowered to recall or reform it to prevent injustice. *Sparks v. Duval County Ranch Co.*, 604 F.2d 976, 979 (5th Cir. 1979) (*en banc*), *cert. denied*, —— U.S. ——, 100 S.Ct. 1339, 63 L.Ed.2d 777, *granted sub nom. Dennis v. Sparks*, —— U.S. ——, 100 S.Ct. 1336, 63 L.Ed.2d 775 (1980); *Ferrell v. Estelle*, 573 F.2d 867, 868 (5th Cir. 1978); 5th Cir.R. 17. Since the issuance of the Court's mandate on November 23, 1976, however, National Surety has never filed a motion to reform the mandate to allow an award of prejudgment interest.

■ Notwithstanding National Surety's failure to seek reform of the mandate, this Court may "treat the present appeal as in effect, a post-judgment-post-mandate request" to "relax our mandate." *Dickerson v. Continental Oil Co.*, 476 F.2d 635, 636 (5th Cir. 1973). In *Dickerson*, the district court's initial judgment and the mandate of this Court awarded prejudgment interest to the plaintiffs but not to the intervening insurance carrier, which had previously paid compensation to the plaintiffs and was entitled to priority payments from their awards. On remand, the district court granted the carrier's motion for relief from the earlier judgment and awarded prejudgment interest from the plaintiffs' awards. This Court, assuming that its previous mandate precluded the district court's grant of relief, nonetheless treated the appeal as a motion to reform the mandate and affirmed the award of interest.

■ Even according such liberal treatment to National Surety's appeal, however, we hold that reform of our mandate is not necessary to "prevent injustice." 5th Cir.R. 17.

■ National Surety's excessive delay in seeking reform of our November 23, 1976 mandate weighs most heavily against any grant of relief. The mandate clearly precluded an award of prejudgment interest on remand, and National Surety should have acted promptly to place its objection to the

mandate before this Court. *See Bankers Life and Casualty Co. v. Bellanca Corp.*, 308 F.2d 757, 759 (7th Cir. 1962); *Lee v. Terminal Transport Co.*, 301 F.2d at 236.

The nature and history of this case also indicate that we need not reform our mandate to prevent injustice. The closely-contested issues of law and fact were resolved only after eight years of litigation encompassing the initial judgment of the district court, this Court's vacation and remand of that judgment, and the judgment here appealed. The record reflects not frivolous obstruction of National Surety's claim but rather a genuine and difficult dispute. Indeed, Carter prevailed on its claims as to uncompleted work and indemnity from Maryland Casualty for the subcontractor's negligence. Prejudgment interest was not allowed as to any award in this case.

Amounts awarded at various stages of this litigation have been promptly paid into the registry of the district court, not withheld for use by the losing party. *See Lee v. Terminal Transport Co.*, 301 F.2d at 236. Carter surrendered the amount originally awarded to the Government in 1974, and it has remained in the court's registry since that time. The balance of National Surety's award was paid in by Maryland Casualty, which owed the identical amount to Carter, in 1977.

For the foregoing reasons we decline to reform our earlier mandate to allow an award of prejudgment interest to National Surety. *Cf. Chicago & North Western Railway v. Union Packing Co.*, 527 F.2d 592 (8th Cir. 1976) (declining to reopen mandate to allow prejudgment interest in absence of exceptional situation justifying Fed.R. Civ.P. 60(b)(6) relief).

AFFIRMED.