In re INCIDENT ABOARD THE D/B OCEAN KING ON AUGUST 30, 1980.

CITIES SERVICE COMPANY, et al.,
Plaintiffs–Appellants,
Cross–Appellees,

v.

OCEAN DRILLING & EXPLORATION CO., et al., Defendants.

GETTY OIL CO. and Odeco, Inc.,
Defendants–Appellants
Cross–Appellees,

v.

HYDRIL CO., Defendant–Appellee,
Cross Appellant.

No. 85–3583.

United States Court of Appeals,
Fifth Circuit.

June 28, 1989.

Charles M. Steen, New Orleans, La., Kent E. Westmoreland, Houston, Tex., for Cities Service Co. and Getty Oil Co.

George A. Frilot, III, James H. Brown, Lemle, Kelleher, Kohlmeyer, Fennery, Hunley, Moss & Frilot, New Orleans, La., for Odeco, Inc.

Earl S. Eichin, Jr., New Orleans, La., for appellee.

Before BROWN, RUBIN and GARWOOD, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

ODECO and Cities Service[1] seek recall and amendment of our mandate issued pursuant to our decision *Cities Service Co. v. Ocean Drilling and Exploration Co.*, 813 F.2d 679 (5th Cir.1987). Since no directions on remand were made with respect to interest,[2] the District Court currently recognizes that it is powerless either to fix interest or reinstate the interest as earlier fixed by the District Court decree of December 16, 1982. *Briggs v. Pennsylvania R.R. Co.*, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948); *Reaves v. Ole Man River Towing, Inc.*, 761 F.2d 1111 (5th Cir.1985). Pursuant to 5th Cir.R. 41.2, we recall the mandate "[t]o prevent injustice" and amend it to provide as follows. With respect to (a) amounts paid out by ODECO and Cities Service for death/personal injury claims to third parties, interest shall run from December 16, 1982, the date initially prescribed by the District Court. With respect to (b) interest on the claims of ODECO and Cities Service for property damage shall be at the legal rate from December 16, 1982, the date initially prescribed by the District Court.

### The Past is Prologue

The casualty underlying this case occurred August 30, 1980. The initial interlocutory[3] (erroneously captioned Final) judgment entered by the District Court on December 16, 1982 (a) denied any recovery to ODECO and Cities against Hydril for property damage but (b) allowed recovery of 7% of the settlement amounts paid out to third parties for personal injury and death claims. That judgment, without fixing any dollar amount of recoveries adjudged, provided: "interest thereon shall be due at the legal rate from the date of this judgment [December 16, 1982]."

That judgment was appealed and we reversed and remanded to require the District Court to make independent findings of fact and conclusions of law since the jury

---

1. ODECO as used herein includes Cities Service.

2. This was contrary to the dictate of F.R.A.P. 37: If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest.

3. Since the judgment of December 16, 1982 allowed recovery for ODECO's payment to third parties for death/injury claims but did not fix the dollar amounts, the decree was interlocutory and appealable only under 28 U.S.C. § 1292(a)(3).

verdict was advisory. *Cities Service Co. v. Ocean Drilling and Exploration Co.,* 758 F.2d 1063 (5th Cir.1985). Without even mentioning interest the opinion's conclusion stated:

> [T]he judgment of December 16, 1982, with respect to Hydril, is vacated and that portion of the case remanded for findings of fact and conclusions of law such that this court may have an adequate basis for reviewing the decision below. The judgment of the district court is:
>
> AFFIRMED IN PART; VACATED AND REMANDED IN PART.

758 F.2d at 1072.

On remand, the District Court filed the requested findings of fact and conclusions of law and granted an interlocutory (captioned Final) judgment dated November 14, 1985 (entered November 18, 1985), again (a) allowing ODECO recovery for injury/death claims but (b) expressly denying recovery of claims for ODECO's property damage. The judgment was "against Hydril Company for 7% of all amounts paid in settlement of the injury and death claims," and expressly provided: "[i]nterest thereon shall be due at the legal rate from December 16, 1982 until paid, each party to bear its own costs."

The case was appealed again. ODECO attacked the denial of recovery of "7%" of their property damage claim. Hydril challenged all liability. This Court again reversed and remanded. 813 F.2d 679 (5th Cir.1987).[4] Constituting the first determination by any court of liability for ODE-CO's property damage, we held ODECO was entitled to recover 7% of the property damage claim, and affirmed the allowance of (a) settlement amounts paid by ODECO to third parties. Hydril's appeal was rejected. Again, without even mentioning interest one way or the other, the opinion concluded:

> [w]e ... reverse and remand to the District Court to award to Cities and ODE-CO 7% of their property damages, the personal injury and wrongful death set-

tlements brought on assignment, and the cost incurred.

813 F.2d at 689.

### Trial Court Must be Given (a) Instructions or (b) at least Permission

■ Although in neither of the two appeals was the question of interest involved nor did this Court give direction as to interest, the District Court was powerless either to (i) prescribe interest or (ii) even reinstate its earlier findings of December 16, 1982. *See* F.R.A.P. 37 ("If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest."). The Advisory Committee on Appellate Rules recognized that

> [i]n *Briggs v. Pennsylvania R. Co.,* 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948), the Court held that where the mandate of the court of appeals directed entry of judgment upon a verdict but made no mention of interest from the date of the verdict to the date of the entry of the judgment directed by the mandate, the district court was powerless to add such interest. The second sentence of the proposed rule is a reminder to the court, the clerk and counsel of the *Briggs* rule. Since the rule directs that the matter of interest be disposed of by the mandate, in cases where interest is simply overlooked, a party who conceives himself entitled to interest from a date other than the date of entry of judgment in accordance with the mandate should be entitled to seek recall of the mandate for determination of the question.

F.R.A.P. 37, Notes of the Advisory Committee on Appellate Rules (West 1989).

We have many times so held. "Longstanding precedent establishes that a district court possesses no authority upon remand to calculate post-judgment interest from a date before its post-remand decision unless the mandate of the court of appeals

---

4. The opinion though filed on April 1st, no April Fool was intended by our failure to specify interest as required by F.R.A.P. 37. *See* n. 2 *supra.*

directs otherwise." *Reaves v. Ole Man River Towing, Inc.,* 761 F.2d 1111, 1112 (5th Cir.1985) (citing *Briggs*).[5]

Although in *Reaves* we stated that the preferred practice was for the one seeking interest to file a petition for rehearing (F.R.A.P. 40(a)), we went on to hold that

the rule must give way if necessary to avoid an unjust result. *See* 5th Cir.R. 41.2 (permitting recall of mandate "to prevent injustice"). As we indicated in *Reeves*[6] the matter does not involve a question of power but of whether the circumstances warrant deviation from the rehearing procedure where this court's mandate failed to specify what post-judgment interest to allow....

*Reaves v. Ole Man River Towing, Inc.,* 761 F.2d at 1112.

### The District Court Decrees Were Interlocutory Without Fixing Damages

Both the record and the judgment decrees of the District Court reflect without contradiction that the decrees follow the traditional admiralty practice in which issues of liability are tried first and then followed, if appropriate, by the determination of damages. *See* F.R.Civ.P. 42(b) (calling for a separate trial which "will be conducive to expedition and economy").

Rule 42(b), "borrowed from admiralty," takes its lead from "[t]he broad discretion of the admiralty court to separate claims and issues for trial, coupled with the right to appeal an interlocutory order determining the rights and liabilities of the parties, [which] made it a common practice for the

issues of liability to be first determined; and if liability was found, then to hold a hearing to assess damages." 7A *Moore's Federal Practice* ¶.60[3] at 422 (footnote omitted). *See also* 3 *Benedict on Admiralty* § 93 at 8–171 (7th ed. 1988). That interest would be prescribed even though no dollar damages were fixed was also well within the hallowed practice of proctors and the admiralty. For example, the typical form of an interlocutory decree for actions *in rem* and *in personam* with reference to a Master to fix damages states:

ORDERED, ADJUDGED AND DECREED that the plaintiff ... recover [from the vessel] damages sustained by plaintiff in consequence of the matters referred to in the complaint, together with interest and costs....

4 *Benedict on Admiralty,* Form No. 3–157 at 3–86.8(1).

### Not a Money Judgment: 28 U.S.C. § 1961 Not Mandatorily Applicable

█ In the trial court the instant action proceeded on the accepted traditional admiralty practice to determine first liabilities, if any, to be followed by ascertainment of the dollar amounts to be adjudged.[7] The case, therefore, never assumed the posture of a judgment for recovery of a fixed sum of money. As such, neither we nor the trial court are bound by 28 U.S.C. § 1961[8] nor the cases urged by Hydril[9] to award interest from the date of entry of a money judgment.

This, and the predecessor appeals being authorized interlocutory appeals in admiral-

---

5. The Supreme Court has 'consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'
   *National Surety Corp. v. Charles Carter & Co.,* 621 F.2d 739, 741 (5th Cir.1980) (quoting *Briggs v. Pennsylvania R.R.,* 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948)). *See also Reeves v. Int'l Telephone & Telegraph,* 705 F.2d 750, 751 (5th Cir.1983) (per curiam); *Gele v. Wilson,* 616 F.2d 146, 149 (5th Cir.1980).

6. *Reeves v. Int'l Telephone and Telegraph,* 705 F.2d at 751.

7. Indeed, this motion to recall and amend the mandate was occassioned by the hearing before

the magistrate by consent to fix all of the damages.

8. Section 1961 provides in pertinent part:
   Interest shall be allowed on any *money judgment* in a civil case recovered in a district court.... Such interest *shall* be calculated from the date of entry of the judgment...." (Emphasis added).

9. *Nissho–Iwai Co. v. Occidental Crude Sales, Inc.,* 848 F.2d 613 (5th Cir.1988); *Affiliated Capital Corp. v. City of Houston,* 793 F.2d 706 (5th Cir.1986); *Mt. Hood Stages, Inc. v. Greyhound Corp.,* 616 F.2d 394 (9th Cir.), *cert. denied,* 449 U.S. 831, 101 S.Ct. 99, 66 L.Ed.2d 36 (1980); *Gele v. Wilson,* 616 F.2d 146 (5th Cir.1980);

ty, brings into play that "[i]n admiralty the allowance of interest is discretionary with the court." *Sabine Towing Company v. Brennan,* 85 F.2d 478, 484 (5th Cir.1936), *rev'd sub nom. on other grounds,* 300 U.S. 342, 57 S.Ct. 452, 81 L.Ed. 685 (1937), *cited with approval in Doucet v. Wheless Drilling Co.,* 467 F.2d 336 (5th Cir.1972); *Alba v. Pelican Marine Divers, Inc.,* 391 F.Supp. 954 (E.D.La.1975). *See also Chagois v. Lykes Bros. S.S. Co.,* 432 F.2d 388, 395 (5th Cir.1970), *vacated and remanded on other grounds,* 404 U.S. 1009, 92 S.Ct. 667, 30 L.Ed.2d 656 (1972); *Canova v. Travelers Ins. Co.,* 406 F.2d 410 (5th Cir.), *cert. denied,* 396 U.S. 832, 90 S.Ct. 88, 24 L.Ed.2d 84 (1969).

*Denial of Interest to ODECO Would Be Unjust, as to (a) Recovery of Death/Injury Payments to Third Parties, and (b) Recovery of 7% of Property Damage Claims*

With respect to (a), death/injury payments, the District Court has already determined that interest should be awarded from December 16, 1982. If this Court denies the motion to reopen the mandate, the most the District Court can do in the present hearing to determine damages is fix total damages and allow interest on that amount from the date of the District Court's new judgment. That would result in loss of interest from December 16, 1982 to 1989 (and beyond).

It is obvious to us that the mandate must be amended to prevent that inequitable result.[10] *Reaves v. Ole Man River Towing, Inc.,* 761 F.2d at 1112.

■ With respect to (b), recovery of ODECO's property damage claim, things are, but not significantly, somewhat different. The District Court twice (by the judgments of December 16, 1982 and November 18, 1985, after our first remand) denied any recovery for ODECO's property damage. This Court reversed this holding on the

ground that the trial court failed either to consider or properly apply accepted principles of comparative fault. 813 F.2d at 689. Although this was then the first judicial determination that Hydril was liable for (b) ODECO's property damage, there is no reason why in our equitable approach to now fixing the time interest is to run we would think the District Court would distinguish between (a) and (b).

The trial court made plain that respecting (a) interest should run from December 16, 1982. Although by reversing we disagreed with its legal determination on liability for (b), there is no reason to suppose that, on our correction, the trial judge would suppose a different date would apply. The fact of damage and Hydril's 7% causal responsibility were undisputed.

*Recall and Amendment Is Consistent With Our Prior Decisions*

Although in actual practice our actions have not been altogether harmonious, an analysis of those times we have declined to recall a mandate for amendment to fix interest demonstrates that what we are doing here is not inconsistent with our prior decisions. In those instances when we have declined to recall a mandate for amendment to fix interest, never in words or deeds have we questioned our power under 5 Cir.R. 41.2 to do so.

Two cases illustrate this point. *National Surety Corp. v. Charles Carter & Co.,* 621 F.2d 739 (5th Cir.1980); *Gele v. Wilson,* 616 F.2d 146 (5th Cir.1980). Any contention that *Gele* and *National Surety* impair this Court's power or the appropriate exercise thereof to recall and amend the mandate to provide for interest is not supported. *National Surety* involves excessive delay by the moving party seeking reform of a mandate. Exercising the inevitable judgment inherent in the problem the court decided that reform of the mandate was not "needed" to prevent injustice since the mandate had clearly precluded the pre-

---

**10.** As we said in *Reeves v. Int'l Telephone and Telegraph,* "[t]here is no reason why the successful plaintiff should be denied interest on the amounts due him after these were decreed payable by the judgment. If we now merely af-

firmed the action of the district court and enforced our mandate as originally written, we would commit the injustice of denying interest when interest is due." 705 F.2d at 752.

judgment interest sought some three years after the mandate. 621 F.2d at 741–42. *Gele*, on the other hand, neither expressly considers, nor denies the power of the Court to use 5th Cir.R. 41.2 to recall and amend a mandate in which the appellate court failed to address the question of interest. The *Gele* Court merely stated that in the circumstances presented the party seeking reformation of the mandate should have filed a petition for rehearing, and refused to recall and amend the mandate. 616 F.2d at 149–50.

Neither *Gele* nor *National Surety* ring the death knell for use of 5th Cir.R. 41.2 to recall and amend a mandate to prevent injustice. No one would question generally that a petition for rehearing is preferable to a subsequent recall to reform a mandate, but the Court has the unfettered power to adopt the latter course if in the judgment of the panel considering the motion "the circumstances warrant deviation from the rehearing procedure" [11] and the equities of the case require recall and reformation of a mandate.

■ We have determined that the equities of this case dictate the exercise of our power under Rule 41.2 to recall and reform the mandate. Not the least of the factors is the fact that not once, but twice this Court has itself brought about this potential injustice by failing on both remands, 758 F.2d at 1072 and 813 F.2d at 689 to comply with duty set forth in the second sentence of F.R.A.P. 37. *See supra* n. 2.

The mandate is amended and shall issue forthwith.

GARWOOD, Circuit Judge, dissenting.

I dissent from the Court's decision to grant the motion to recall our mandate, which was issued approximately two years before the motion was filed. I perceive no good cause for this delay in seeking relief, which should have been sought by motion for rehearing two years ago. Moreover, only interest, not the underlying recovery, is at stake, and no party's economic health is threatened. There must be an end to litigation some time.