**FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity,**

v.

**INNOVATIVE TELEPHONE COMMUNICATIONS, INC., et al.**

**Civil Action No. 91–2369.**

United States District Court, E.D. Louisiana.

March 18, 1998.

---

David S. Rubin, Richard Franklin Zimmerman Jr., Joseph Beauregard Olinde Jr., Kantrow, Spaht, Weaver & Blitzer, Baton Rouge, LA, for F.D.I.C.

Mark Christopher Landry, Newman, Mathis, Brady, Wakefield & Spedale, PLC, Metairie, LA, for Dennis Joslin.

Ford Jones Dieth, Dieth & Martin, New Orleans, LA, for Walter H. Wainright and Glenda Sellers Wainright.

William Monroe Stephenson, William M. Stephenson, Attorney at Law, New Orleans, LA, for Vancouver Southern Investments, Inc.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court is a motion to vacate and set aside judgment filed by judgment debtors. For the following reasons, the motion is DENIED.

### I. BACKGROUND

Judgment debtors and petitioners in this matter, Walter H. Wainright and Glenda Sellers Wainright (the "Wainrights"), have asked this Court to vacate and set aside a default judgment rendered against them on February 18, 1993 by the late Judge Veronica Wicker. A review of the events leading to the rendering of the default judgment shows that the Wainrights were given several opportunities to comply with the rules and procedural requirements of the Court. The Court set aside an earlier default judgment at the Wainrights' request and advised the Wainrights to answer the motion for summary judgment filed against them by the Federal Deposit Insurance Corporation (FDIC). When they did not, the Court had no alternative but to grant a default judgment for the FDIC against the Wainrights. The Wainrights failed to object to the Magistrate's recommendation of a default judgment and also failed to appeal the decision. The Wainrights were ordered to appear as judgment debtors before the Court in May of 1993. For the next three years it appears that no action was taken to collect the judgment. In July of 1996, the default judgment was acquired by Dennis Joslin from the FDIC. After successfully filing a motion to substitute party plaintiff, he began action to collect on the judgment. The Wainrights appeared in open court on August 14, 1996 to undergo yet another judgment debtor examination. Finally, the U.S. Marshall seized the Wainrights' property in 1997. Despite all of the activity that took place between the default judgment and the initiation of collection proceedings, the Wainrights failed to object to or appeal the default judgment until the filing of this motion on November 19, 1997.

The Court must now decide whether the Wainrights have a claim which would afford them relief from a default judgment entered four and a half years earlier.

The Wainrights ask that the judgment be vacated and set aside for two reasons. First, the Wainrights allege that the judgment was based upon fraud, misrepresentation, and misconduct committed by the FDIC upon the Wainrights and the Court. The nature of this alleged fraud, misrepresentation, and misconduct was the intentional misrepresentation of facts and state law. Second, the Wainrights allege that the judgment is void as the result of fraud perpetrated on the Court. The Wainrights allege that the FDIC committed fraud and ill-practice upon the Court by representing in a sworn affidavit the existence of personal liability of the Wainrights without providing adequate proof of the existence of the underlying debt. The Wainrights claim that their Collateral Mortgage Note and Collateral Mortgage of January 2, 1985 was fraudulently used by the bank to secure the debt of a third party without the Wainrights' knowledge or permission. The Wainrights ask the Court to grant their request for relief from judgment based upon Rule 55(c) and Rule 60(b) of the Federal Rules of Civil Procedure. The Wainrights assert that this motion has been filed within a reasonable time, as it was made a short time after their retention of legal counsel and the seizure of their property.

The owner of the judgment, Joslin, opposes the motion. Joslin asserts that the Wainrights are time barred from relief under 60(b).[1] Furthermore, he contends that the Wainrights' claim fails to allege any procedural deficiency, but instead speaks to the merits of the case and is therefore inappropriately brought before this Court. Additionally, the plaintiff denies any fraud on the Court on the part of the FDIC that would render the judgment void.

### II. ANALYSIS

The Wainrights have moved the Court to set aside a default judgment which at this

---

1. There is a one year time limitation for actions based upon "fraud, misrepresentation, or other misconduct of an adverse party." Rule 60(b) Fed.R.Civ.Pro. For "void" judgments, the standard is a reasonable period of time. *Id.* Conversely, there are no limitations on actions which constitute a fraud on the court. *See Id.*

point was rendered against them over five years ago. The Wainrights contend that the judgment is void due to fraud and misrepresentations made in the plaintiff's motion for summary judgment upon which the default was granted. The Wainrights maintain that the proper measure for determining the timeliness of a motion to vacate based on these grounds is reasonableness. They further state that their delay was reasonable because they were acting *pro se* and as such they were unfamiliar with the federal and local rules of the court. Additionally, the Wainrights maintain that the delay was reasonable as it was within six weeks of retention of legal counsel and within four months of their property being seized by the U.S. Marshall.

Rule 60(b) reads in relevant part as follows:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reason: ... (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment ... was entered.... This rule does not limit the power of a court ... to set aside a judgment for fraud upon the court.

■ This Court finds that the Wainrights' allegations best fit under 60(b)(3), as the Wainrights allege fraud and misrepresentation by an adverse party. Additionally, the Court finds that the Wainrights' delay could be recognized as mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1). Consequently, the Court must conclude that the motion is time barred as it was made more than one year after the judgment was rendered.[2]

■ The Wainrights also allege in their motion that the default judgment was procured by practices constituting fraud on the court. Rule 60(b) allows a court discretion to set aside judgments rendered as a result of fraud on the court. There is no one year limitation or a standard of reasonableness. *See Bulloch v. U.S.*, 721 F.2d 713, 719 (10th Cir.1983). However, to prevail on their motion, the Wainrights must show by clear and convincing evidence[3] that there was fraud on the court, with all doubts being resolved in favor of finality of the judgment. *See Id.* The Wainrights allege that the FDIC based their summary judgment motion on disputed facts which it presented to the court as undisputed facts and, by doing so, misled the court into believing in the existence of the underlying obligation owed by the Wainrights. The Wainrights claim that the underlying obligation does not exist and if it does exist, it was forged. "Fraud on the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *Id.* "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). "Less egregious misconduct, such as nondisclosure to the court of facts allegedly

---

**2.** Even if the Court were to recognize the judgment as void, the Wainrights have failed to show that their four and a half year delay was reasonable. The record reflects that the Wainrights were ordered to oppose the summary judgment motion after they were granted relief from the entry of the first default judgment. Additionally, the record shows that the Wainrights failed to object to the magistrate's recommendation that a default judgment be entered against them. The Court recognizes the disadvantaged position of *pro se* litigants, but is nonetheless bound by the law and the rules. *See Swimmer v. I.R.S.*, 811 F.2d 1343 (9th Cir.1987) (pro se litigant's ignorance of rules of court did not constitute "excusable neglect," such as would entitle litigant to relief from judgment entered against him when he failed to respond to opponent's motion for summary judgment). The reasonableness of the delay cannot be based upon the date that the parties hired counsel or the date that the judgment holder decides to execute the judgment. The rule unambiguously reads that the date of judgment is the relevant date. Hence, the Court finds the Wainrights' delay to be unreasonable.

**3.** This burden is a heavy one. *Nowling v. Aero Services International, Inc.*, 734 F.Supp. 733, 739 (E.D.La.1990).

pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." *Id.* The Court is unable to find that the Wainrights have shown, by clear and convincing evidence, that the conduct alleged arose to this level. "In order to set aside a judgment or order because of fraud upon the court under Rule 60(b) . . . it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id.* at 1338. *See also Allen v. Jacobson,* 82 F.R.D. 355 (N.D.Tex. 1979). The Court is simply unable to find, based upon the information provided, that such activity has taken place.

 Although the law does not favor default judgments, it does favor finality of judgments. *Ackermann v. U.S.,* 340 U.S. 193, 198, 71 S.Ct. 209, 211–12, 95 L.Ed. 207 (1950) (There must be an end to litigation, and free, calculated, deliberate choices are not to be relieved from.). Rule 60(b) was designed to provide some relief to the policy of finality, but that relief is limited by the exception-granting Rule itself. While the Court recognizes its ability to vacate a judgment for any reason "justifying relief" under Rule 60(b)(6), it is unable to conclude that the facts of this case merit such a finding. A party has a duty to take legal steps to protect his interests. *See Id.* at 197, 71 S.Ct. at 211. The Wainrights were, at all times, aware of the suit in which they were named, and they were aware of the judgment that was subsequently rendered against them. "As a general rule, the desirability of orderliness and predictability in the judicial process speaks for caution in the reopening of judgments." *Allen v. Jacobson,* 82 F.R.D. 355, 358 (N.D.Tex.1979) (citing *Fackelman v. Bell,* 564 F.2d 734, 735 (5th Cir.1977)). Additionally, "finality of judgment is especially desirable where a reopening could unfairly prejudice the opposing party." *Id.* (citing *Carver v. Liberty Mutual Ins. Co.,* 277 F.2d 105 (5th Cir.1960)). There is no evidence that Joslin had any involvement in the rendering of the default judgment against the Wainrights. Further, "[R]ule 60(b)(6) is an extraordinary remedy that must be supported by adequate proof." *Id.* at 357. The Wainrights failed to provide the Court with any circumstances which would allow it to find the delay reason-able or meritorious of reconsideration. The reasons that the Wainrights have provided the Court for their delay are best redressed by remedies that are no longer available to them due to the untimeliness of their motion.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion to vacate and set aside judgment is HEREBY DENIED.